THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CRYSTAL SUN, a minor suing )
by her mother and next friend, )
FENG ZHANG, )
)
     Plaintiff, )
)
v. )
)
CHILDREN'S HOSPITAL OF )
ALABAMA, INC.; THE CHILDREN'S )
HOSPITAL OF ALABAMA; )   CIVIL ACTION NO.:
ALABAMA CHILDREN'S HEALTH )   CV-11-HS-1975-S
SYSTEM, INC.; LEON SEBRING )
DURE IV, M.D.; PONGKIAT )
KANKIRAWATANA, M.D.; JAYNE )
MARIE NESS, M.D.; RICHARD )
STEVENS MARTIN, M.D.; and )
PEDIATRIC RADIOLOGY )
ASSOCIATES, P.C., )
)
     Defendants. )

## ANSWER

Defendants Leon Sebring Dure IV, MD, Pongkiat Kankrawatana, MD, and Jayne Marie Ness, MD ("Defendants"), make the following answer to Plaintiff's Complaint. The headings and paragraph numbers correspond to the same numbered paragraphs in the Complaint:

## **PARTIES**

1.      Defendants admit that Crystal Sun is a minor child. Defendants are currently without the information necessary to admit or deny the remaining allegations of this paragraph.

2.      Defendants are currently without the information necessary to admit or deny the allegations of this paragraph.

3.      Defendants are currently without the information necessary to admit or deny the allegations of this paragraph.

4.      Defendants are currently without the information necessary to admit or deny the allegations of this paragraph.

5.      Admitted.

6.      Admitted.

7.      Admitted.

8.      Defendants are currently without the information necessary to admit or deny the allegations of this paragraph.

9.      Defendants are currently without the information necessary to admit or deny the allegations of this paragraph.

## JURISDICTION AND VENUE

10.      Defendants state that this paragraph contains legal conclusions to which no response is required, and deny that they acted negligently or breached the applicable standard of medical care as established by proper proof, and further deny that any alleged act, omission, or breach of an applicable standard of care (by these Defendants and by any named Defendant) proximately caused or contributed to any injury to Crystal Sun.

11.      Defendants state that this paragraph contains legal conclusions to which no response is required. To the extent this paragraph alleges that citizenship of the parties is completely diverse, Defendants are currently without the information necessary to admit or deny the allegations of this paragraph. Moreover, the Defendants admit that Plaintiff is seeking more than $75,000, but deny that there is any legal or evidentiary basis for that recovery.

12.      Defendants state that this paragraph contains legal conclusions to which no response is required.

## FACTUAL BACKGROUND

13.      Defendants state that this paragraph contains legal conclusions to which no response is required. These Defendants deny that they acted negligently

or breached the applicable standard of medical care as established by proper proof, and further deny that any alleged act, omission, or breach of an applicable standard of care (by these Defendants and by any named Defendant) proximately caused or contributed to any injury to Crystal Sun.

14.     Defendants state that this paragraph contains legal conclusions to which no response is required, but state that the Alabama Medical Liability Act is the sole and exclusive means of remedy for Plaintiff's claims.

15.     Defendants admit that Crystal Sun was a minor at the time she received the care at issue in this case. The remaining allegations of this paragraph contain legal conclusions to which no response is required.

16.     Defendants admit that certain medical care was provided to Crystal Sun on the dates noted in her medical records. The remaining allegations of this paragraph contain legal conclusions to which no response is required.

17.     Defendants are currently without the information necessary to admit or deny the allegations of this paragraph.

18.     Defendants are currently without the information necessary to admit or deny the allegations of this paragraph, except that Defendants admit that Crystal

Sun was already taking Keppra when she presented to the Children's Hospital of Alabama and that Keppra is an anticonvulsant medication used to treat epilepsy.

19.     Defendants are currently without the information necessary to admit or deny the allegations of this paragraph.

20 - 57.  With respect to the factual averments in paragraphs 20 to 57, these Defendants admit that certain medical care was provided to Crystal Sun on the dates noted in her medical records, but these Defendants deny that the description of that care in the Complaint is a complete or accurate account of the care provided. These Defendants deny that they acted negligently or breached the applicable standard of medical care as established by proper proof, and further deny that any alleged act, omission, or breach of an applicable standard of care (by these Defendants and by any named Defendant) proximately caused or contributed to an injury to Crystal Sun. Without limitation to the foregoing, these Defendants specifically deny that (a) their selection, administration, or dosing of any medication or (b) their diagnosis or treatment of Crystal Sun fell below the standard of care and further deny that any alleged breach of the standard of care proximately caused Crystal Sun's claimed injuries. These Defendants further state that given the extensive and detailed nature of the Complaint's allegations,

investigation into these factual averments is incomplete and these Defendants reserve the right to make timely amendment to this Answer.

57 (a).    Defendants deny the factual premises and medical causation conclusions in paragraphs 50, 51, 52, and 57, and deny that Crystal Sun's condition was caused by overdose of medications given by order of any of these Defendants. These Defendants, again, state that their use of Keppra and Lamictal (lamotrigine) was within the applicable standard of care, and that any purported damage caused by these medicines (together or separately) was not a proximate result of any departure by these Defendants from said applicable standard of care.

## COUNT I

### NEGLIGENCE AND MEDICAL MALPRACTICE
(Defendants Children's Hospital of Alabama, Inc.; The Children's Hospital of Alabama and Alabama Children's Health System, Inc.)

58.    Defendants reassert each and every response to all paragraphs above as if stated in full herein.

59.    Defendants deny that they were employed by Children's Hospital of Alabama, Inc., The Children's Hospital of Alabama, or Alabama Children's Health System, Inc. Defendants are currently without the information necessary to admit or deny the remaining allegations of this paragraph.

60.	These Defendants deny that they acted negligently or breached the applicable standard of medical care as established by proper proof, and further deny that any alleged act, omission, or breach of an applicable standard of care (by these Defendants and by any named Defendant) proximately caused or contributed to any injury to Crystal Sun.

61.	Defendants state that this paragraph contains legal conclusions to which no response is required.  These Defendants deny that they acted negligently or breached the applicable standard of medical care as established by proper proof, and further deny that any alleged act, omission, or breach of an applicable standard of care (by these Defendants and by any named Defendant) proximately caused or contributed to an injury to Crystal Sun. These Defendants deny that they employed any person who cared for Crystal Sun.

62.	These Defendants deny that they acted negligently or breached the applicable standard of medical care as established by proper proof, and further deny that any alleged act, omission, or breach of an applicable standard of care (by these Defendants and by any named Defendant) proximately caused or contributed to an injury to Crystal Sun. These Defendants deny that they employed any person who cared for Crystal Sun.

63.     Defendants state that this paragraph contains legal conclusions to which no response is required.  These Defendants deny that they acted negligently or breached the applicable standard of medical care as established by proper proof, and further deny that any alleged act, omission, or breach of an applicable standard of care (by these Defendants and by any named Defendant) proximately caused or contributed to an injury to Crystal Sun. These Defendants deny that they employed any person who cared for Crystal Sun.

## COUNT II

**NEGLIGENCE AND MEDICAL MALPRACTICE**
(Defendants Dure, Kankirawatana, Ness, Martin
and Pediatric Radiology Associates, P.C.)

64.     Defendants reassert each and every response to all paragraphs above as if stated in full herein.

65.     Defendants state that this paragraph contains legal conclusions to which no response is required.  These Defendants deny that they acted negligently or breached the applicable standard of medical care as established by proper proof, and further deny that any alleged act, omission, or breach of an applicable standard of care (by these Defendants and by any named Defendant) proximately caused or contributed to an injury to Crystal Sun.

66.     Defendants state that this paragraph contains legal conclusions to which no response is required.  These Defendants deny that they acted negligently or breached the applicable standard of medical care as established by proper proof, and further deny that any alleged act, omission, or breach of an applicable standard of care (by these Defendants and by any named Defendant) proximately caused or contributed to an injury to Crystal Sun.

67.     These Defendants deny each and every allegation of this paragraph, and deny that they acted negligently or breached the applicable standard of medical care as established by proper proof, and further deny that any alleged act, omission, or breach of an applicable standard of care (by these Defendants and by any named Defendant) proximately caused or contributed to an injury to Crystal Sun. These Defendants deny that they employed any person who cared for Crystal Sun.

68.     Defendants state that this paragraph contains legal conclusions to which no response is required.  These Defendants deny that they acted negligently or breached the applicable standard of medical care as established by proper proof, and further deny that any alleged act, omission, or breach of an applicable standard of care (by these Defendants and by any named Defendant) proximately caused or

contributed to an injury to Crystal Sun. These Defendants deny that they employed any person who cared for Crystal Sun.

## FIRST DEFENSE

The Complaint, and each claim and count thereof, fails to state a claim upon which relief may be granted against Defendants, separately and severally.

## SECOND DEFENSE

Defendants deny that any of the acts or omissions alleged in the Complaint and relating in any way to Defendant proximately caused Plaintiff's claimed injuries. Defendants further deny that any duty undertaken by Defendants was breached in such manner as to cause injury to Plaintiff.

## THIRD DEFENSE

Plaintiff's claims are barred because Plaintiff's injuries were actually or proximately caused by intervening or superseding causes, independent third parties, or by events over which Defendants had no control.

## FOURTH DEFENSE

Plaintiff's claims are barred by the doctrine of efficient intervening cause.

## FIFTH DEFENSE

Defendants assert that Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel and waiver.

## SIXTH DEFENSE

Defendants assert each and every provision of the Alabama Medical Liability Acts of 1975, 1987, 1996 and 2000, and as amended.

## SEVENTH DEFENSE

Defendants deny that they were directly or indirectly guilty of any negligence, that they breached any duty, and that any alleged breach proximately caused Plaintiff any damage.

## EIGHTH DEFENSE

Defendants acted in good faith at all times relevant to the Complaint.

## NINTH DEFENSE

Defendants plead the general issue.

## TENTH DEFENSE

Defendants plead assumption of risk and informed consent.

## ELEVENTH DEFENSE

Defendants assert the provisions, separately and severally, of the Medical Liability Act of 1987 and specifically plead in defense to this action and assert the

applicability of the provisions of § 6-5-542 through § 6-5-552 of the 1975 Code of Alabama (as amended, 1987, 1996 and 2000).

## TWELFTH DEFENSE

Defendants deny that they were guilty of any conduct that warrants the issue of punitive damages being submitted to a jury.

## THIRTEENTH DEFENSE

Any award of punitive damages to Plaintiff in this case would be in violation of the constitutional safeguards provided to Defendant under the Constitution of the State of Alabama.

## FOURTEENTH DEFENSE

Any award of punitive damages to Plaintiff in this case would be in violation of the constitutional safeguards provided to Defendants under the Constitution of the United States of America.

## FIFTEENTH DEFENSE

No punitive damages are warranted or allowable that would exceed comparable maximums established for criminal fines.

## SIXTEENTH DEFENSE

Punitive damages cannot be sustained because of the lack of clarity in Alabama's standards for awarding punitive damages.

## SEVENTEENTH DEFENSE

Any claim for punitive damages, on its face and/or as applied in this case, is in violation of the Fifth Amendment to the Constitution of the United States; of the right to counsel provided by the Sixth Amendment to the Constitution of the United States; of the right to trial by jury of the Seventh Amendment to the Constitution of the United States; of the proportionality principles contained in the Eighth Amendment to the Constitution of the United States; the due process clause of the Fourteenth Amendment to the Constitution of the United States; and Article 1, §§ 1, 2, 6, 11, 13, 15, 27, and 35 of the Constitution of Alabama of 1901, and is improper under the common law and public policies of the State of Alabama and under applicable court rules and statutes for the following reasons, jointly and separately:

(a)    There are no standards provided by Alabama law for the imposition of punitive damages, and therefore, Defendants have not been put on notice and given the opportunity to anticipate punitive liability and/or the potential size of the award and to modify or conform their conduct accordingly;

(b)    The procedures to be followed would permit an award of punitive damages against Defendants upon the satisfaction of a burden

of persuasion (standard of proof) less than that applicable to the imposition of criminal sanctions for equal culpability;

(c)     The procedures to be followed could permit the award of multiple punitive damages for the same act or omission;

(d)     There are no provisions or standards for clear and consistent appellate review of any award of punitive damages against Defendant under present Alabama law;

(e)     The standards of conduct upon which punitive damages are sought against Defendant are vague and ambiguous;

(f)     The procedures used by courts under Alabama law and the guidelines given by the jurors, jointly and severally, are vague and ambiguous;

(g)     The procedures used by courts under Alabama law and guidelines given to jurors, jointly and separately, are vague and ambiguous and, thus, impermissibly allow jurors broad, unlimited, and undefined power to make determinations on their notions of what the law should be instead of what it is;

(h)     The procedures under which punitive damages are awarded and the instructions used under Alabama law, jointly and separately, are

vague and ambiguous and, thus, fail to eliminate the effects of, and to guard against, impermissible juror passion;

(i)     Present Alabama law does not provide for sufficiently objective and specific standards to be used by the jury in its deliberations on whether to award punitive damages and, if so, on the amount to be awarded;

(j)     Present Alabama law does not provide a meaningful opportunity for challenging the rational basis for, and any excessiveness of, any award of punitive damages;

(k)     Present Alabama law does not provide for adequate and independent review by the trial court and the appellate court of the imposition of punitive damages by a jury or of the amount of any punitive damage awarded by a jury;

(l)     Present Alabama procedures fail to provide a constitutionally reasonable limit on the amount of any punitive damage award against Defendants;

(m)     Present Alabama procedures may permit the admission of evidence relative to punitive damages in the same proceeding during which liability is determined;

(n)     Present Alabama procedures permit the imposition of joint and several judgments against multiple co-defendants for different acts and different degrees of wrongdoing or culpability; and

(o)     An award of punitive damages would compensate Plaintiff for elements of damage not otherwise recognized by Alabama law.

## EIGHTEENTH DEFENSE

Plaintiff's claims for the recovery of punitive damages are barred by Ala. Code § 6-11-20 (1993) <u>et seq.</u>

## NINETEENTH DEFENSE

Plaintiff's claims for the recovery of punitive damages are barred by Ala. Code § 6-11-27 (1993).

## TWENTIETH DEFENSE

Plaintiff's claims for the recovery of punitive damages are in contravention of Defendants' rights under each of the following constitutional provisions:

(a) Article I, § 8 of the United States Constitution, as an impermissible burden on interstate commerce;

(b) the Contracts Clause of Article 1, § 10 of the United States Constitution;

(c) the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution;

(d) the Equal Protection under the laws afforded by the Fourteenth Amendment to the United States Constitution;

(e) the constitutional prohibition against vague and overly-board laws;

(f) the prohibition against _ex post facto_ law in Article 1, § 22 of the Alabama Constitution;

(g) the Contracts Clause of Article 1, § 22 of the Constitution of Alabama; and

(h) the Due Process Clause of Article 1, §§ 6 and/or 13 of the Constitution of Alabama.

## TWENTY-FIRST DEFENSE

An award of punitive damages in the circumstances of this case would clearly violate Defendants' due process rights as embraced by the Fifth and Fourteenth Amendment to the United States Constitution and by the due process clause of Article 1, §§ 6 and/or 13 of the Alabama Constitution, jointly and separately, as such award would constitute a deprivation of property without due process of law for the following reasons as separately stated herein.

(a) There is no rational relationship between the punitive damage awards in Alabama and the alleged wrongfulness of a defendant's conduct and/or the compensatory damages awarded.

(b) No rational relationship exists between the extent of punitive damages and legitimate interests to be advanced by the State of Alabama.

(c) An award of punitive damages in this case would be penal in nature and thus, would violate Defendants' constitutional rights under the United States Constitution and/or the Alabama Constitution unless Defendants are granted the procedural safeguards afforded criminal defendants including but not limited to constitutional safeguards against self-incrimination and a heightened standard of proof beyond a reasonable doubt.

(d) The award of punitive damages on the basis of vicarious liability for the conduct of others violates Defendant's constitutional rights.

## TWENTY-SECOND DEFENSE

The imposition of punitive damages in this case would be in denial of Defendants' right to equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution and Article 1, §§ 1, 6 and 22 of the Alabama Constitution. Specifically, Defendants are treated differently from criminal defendants that are charged for similar or identical alleged culpability. Alternatively, the absence of adequate and objective standards for guiding in the assessment of punitive damages fails to insure the equality of treatment between and among similarly situated civil defendants.

## TWENTY-THIRD DEFENSE

The assessment of punitive damages in this action would violate the Commerce Clause of Article 1, § 8 of the United States Constitution to the extent that such award punishes acts or omissions that have allegedly occurred solely outside of state boundaries.

## TWENTY-FOURTH DEFENSE

The imposition of punitive damages in this case would violate Defendants' rights under Article 1, § 22 of the Alabama Constitution in that it would impair the contractual obligations of parties to this litigation.

## TWENTY-FIFTH DEFENSE

Defendants plead the constitutional limitations set forth in BMW of North America v. Gore, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996), Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001), State Farm Mutual Insurance Automobile Insurance Co. v. Campbell, 123 S. Ct. 1513 (Apr. 7, 2003), and Horton Homes, Inc. v. Brooks, 832 So. 2d 44 (Ala. 2001), since determination of the amount or proper circumstances for an award of punitive damages without consideration of these limitations would deny Defendants due process of law in violation of the Fourteenth Amendment to the United States Constitution and in violation of the Alabama Constitution. Defendants adopt by reference whatever defenses, criteria, limitations, and standards are mandated by

the decisions of the Supreme Court of the United States and the Supreme Court of Alabama in those cases.

## TWENTY-SIXTH DEFENSE

An award of punitive damages in this case, if any, may not exceed $250,000.00. Ala. Code § 6-11-21 (Supp. 1987); see Oliver v. Towns, 1999 WL 14675, *6 & n.7 (Ala. Jan. 15, 1999) ("[W]e question whether Henderson [v. Alabama Power Co.], 627 So. 2d 878 (Ala. 1993), remains good law.") (citing BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996); Henderson, 627 So. 2d at 894 (Maddox, J., concurring in part; dissenting in part); Henderson, 627 So. 2d at 903 (Houston, J., dissenting); and Pacific Mut. Life Ins. Co. v. Haslip, 499 U.S. 1, 20 n.9 (1991)). In declaring § 6-11-21 unconstitutional in Henderson, the Alabama Supreme Court acted beyond the scope of its powers and violated the separation of powers clauses of the United States Constitution and the Alabama Constitution. Accordingly, the Court's action in Henderson was without effect, and Alabama Code § 6-11-21 applies in this case.

## **TWENTY-SEVENTH DEFENSE**

To the extent that Plaintiff's demand for punitive damages may result in multiple punitive damage awards being assessed for the same act or omission against Defendants, this award contravenes Defendants' right to due process under the due process clause of Article 1, § 13 of the Alabama Constitution.  In addition, such awards would infringe upon Defendants' rights against double jeopardy insured by the Fifth Amendment of the United States Constitution and/or Article 1, § 9 of the Alabama Constitution.

## **TWENTY-EIGHTH DEFENSE**

The procedures pursuant to which punitive damages are awarded subject civil defendants to punishment for the conduct of others through vicarious liability or through non-apportionment of damages among joint tortfeasors, in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article I §§ 1 and 6 of the Alabama Constitution.

## **TWENTY-NINTH DEFENSE**

The procedures pursuant to which punitive damages are awarded expose civil defendants to the risk of undefinable, unlimited liability unrelated to actual loss, if any, caused by their conduct, creating a chilling effect on said Defendants' exercise of the right to a judicial resolution of this dispute.

## THIRTIETH DEFENSE

Defendants adopt the terms of any applicable legislative act or Alabama Supreme Court decision which now or hereafter precludes punitive damages or limits the amount of punitive damages which can be recovered in an action at law in Alabama.

## THIRTY-FIRST DEFENSE

Except as otherwise expressly admitted herein, all remaining averments of the Complaint are denied.

## THIRTY-SECOND DEFENSE

Defendants adopt and incorporate by reference any defense asserted at any time by any co-defendant added to this case.

## THIRTY-THIRD DEFENSE

Defendants state that discovery has not yet begun, and therefore preserves the right to amend this Answer to add, revise, or delete defenses as may be necessary andappropriate under the facts and rules applicable to this matter.

s/ Ty E. Dedmon
_____
Ty E. Dedmon
One of the Attorneys for
Leon Sebring Dure IV, M.D.;
Pongkiat Kankirawatana, M.D.; and
Jayne Marie Ness, M.D.

OF COUNSEL

Michael D. McKibben
Kenneth M. Perry
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Daniel B Feldman
> Lewis Feldman & Lehane LLC
> 2100 Third Avenue North, Suite 810
> Birmingham, AL 35203
> 205-254-3927
> Fax: 205-254-3939
> Email:  dfeldman@lewis-attorneys.com

David Randolph Smith
David Randolph Smith & Associates
1913 21st Avenue South
Nashville, TN 37212
615-742-1775
Fax: 615-742-1223
Email: drs@drslawfirm.com

Robert E. Parsons
Parsons Lee & Juliano PC
2801 Highway 280 South, Suite 300
PO Box 530630
Birmingham, AL 35253-0630
205-326-6600
Fax: 205-324-7097
Email: rparsons@pljpc.com

R. Todd Huntley
Walter W. Bates
Starnes Davis Florie LLP
P O Box 598512
Birmingham, AL 35259-8512
205-868-6000
Fax: 205-262-6099
Email: thuntley@starneslaw.com
Email: Bbates@starneslaw.com

_____
Of Counsel